UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

Brian Franks,

                                   Plaintiff,                    24-cv-539-KMK-VR

        -against-                                 **OPINION AND ORDER**

City of New Rochelle, et al.,

                                  Defendants.

-----------------------------------------------------------------X

**VICTORIA REZNIK, United States Magistrate Judge:**

### I. INTRODUCTION

Plaintiff Brian Franks, pro se, has filed a letter, explaining "why I won't give the Quinn Law Firm PLLC, access or authorization for release of sealed records relating to my arrest by law enforcement on or about November 24, 2021, and my subsequent prosecution under case No. CR-6332-21."* (ECF No. 13 at 1).[1] Plaintiff further writes that he requested "the disciplinary records of Officer Joseph Wassner, and the two other John Doe officers," but "was told that there's no record on file for either officers w[ith] that being said I would submit Local Civil Rule 37.2."* (*Id.* at 2).

The Court liberally construes Plaintiff's letter as a motion for a protective order, under Rule 26(c) of the Federal Rules of Civil Procedure, seeking to bar discovery of Plaintiff's arrest and prosecution record, and as a motion to compel, under Rule 37(a)(3)(A) of the Federal Rules of Civil Procedure, seeking to compel disclosure of the police officers' disciplinary records.

---

*All quotations marked by asterisks have been altered to correct minor typographical errors and the capitalization of certain words to enhance readability of the sentence.
[1] All page numbers refer to ECF pagination.

1

Defendants explain that Plaintiff's arrest and prosecution record is sealed under New York Criminal Procedure Law § 160.50. (ECF No. 15 at 1). They oppose Plaintiff's construed motion, arguing that Plaintiff has waived any privilege created by § 160.50 because he commenced this 42 U.S.C. § 1983 action and has raised a malicious prosecution claim, thereby putting his arrest and prosecution at issue. (*Id.*). They also explain that Officer Wassner does not have any items in his disciplinary file. (*Id.* at 2).

For the reasons below, Plaintiff's construed motion for a protective order and motion to compel are **DENIED**. Plaintiff is directed to sign the § 160.50 release by no later than **April 30, 2024**. But Defendants are directed to provide Plaintiff with a sworn declaration, stating that Officer Wassner does not have any items in his disciplinary file. Also, if Defendants can identify the names of the John Doe officers, then Defendants are further directed to determine whether they have any items in their disciplinary files. If such items exist, then Defendants are directed to produce them to Plaintiff. If such items do not exist, then Defendants are directed to produce a declaration, swearing to the same.

## II.  Background

In January 2024, Plaintiff commenced this 42 U.S.C. § 1983 action in New York State Supreme Court, Westchester County, against the City of New Rochelle and New Rochelle Police Officer Joseph Wassner, raising a malicious prosecution claim. (ECF No. 1-1). Defendants removed the action to the Southern District, under 28 U.S.C. § 1446, and invoking jurisdiction under 28 U.S.C. § 1331. (ECF No. 1).

Plaintiff's operative amended complaint alleges that on November 24, 2021, Officer Wassner and two John Doe officers arrested and detained Plaintiff "for intent to cause physical injury, to another person." (ECF No. 4 at 2). As a result, he "had to fight the charges back and

forth [in] court for one year." (*Id.*). But "on September 1, 2022 the case was . . . dropped." (*Id.*). Plaintiff claims that he was maliciously prosecuted without probable cause. (*Id.*).

On April 4, 2024, Plaintiff wrote to the Court, explaining "why I won't give the Quinn Law Firm PLLC, access or authorization for release of sealed records relating to my arrest by law enforcement on or about November 24, 2021, and my subsequent prosecution under case No. CR-6332-21."* (ECF No. 13 at 1). He explains that his "research" has revealed "t[w]o different Rap sheets containing my criminal history." (*Id.*). When he "reached out to a reentry case Management," he "was told 'This is the strangest rap sheet I have received.'" (*Id.*). Plaintiff believes that Defendants are "trying to gain this false criminal history information, done Maliciously, by the New Rochelle police department to use against" him in this action. (*Id.* at 1–2). Separately, Plaintiff states that he requested disciplinary records of Officer Wassner and the two John Doe officers, but "was told that there's no record on file for either officers." (*Id.* at 2).

Defendants respond as follows. (ECF No. 15). On November 24, 2021, Plaintiff was arrested and charged with assault. (*Id.* at 1). On September 1, 2022, the charges were dropped. (*Id.*). Because the charges were dismissed, Plaintiff's criminal file is sealed under New York Criminal Procedure Law § 160.50. (*Id.*). To evaluate Plaintiff's claim and defend themselves, Defendants require, and are entitled to, a release from Plaintiff so they can obtain a copy of his sealed criminal file associated with the incident and the charges in question. (*Id.*). By commencing this action and raising a malicious prosecution claim, Plaintiff "has waived the privilege otherwise created by Section 160.50." (*Id.*). As for Plaintiff's request for the disciplinary file of Officer Wassner, Defendants have requested such files from the New

3

Rochelle Police Department and have learned that "Officer Wassner does not have any items in his disciplinary file." (*Id.* at 2).[2]

### III.  DISCUSSION

#### A. Liberal Construction of Plaintiff's Letter

Mindful of Plaintiff's pro se status, the Court must liberally construe Plaintiff's filings to "raise the strongest arguments that they suggest." *Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018).  Here, the Court liberally construes Plaintiff's letter as a motion for a protective order, under Rule 26(c) of the Federal Rules of Civil Procedure, seeking to bar Defendants from discovery of his arrest and prosecution record.  The Court also construes Plaintiff's letter as a motion to compel production of the officers' disciplinary records.

#### B. Plaintiff is Not Entitled to a Protective Order as to His Arrest and Prosecution Record

Under Rule 26(c) of the Federal Rules of Civil Procedure, "[a] party or any person from whom discovery is sought may move for a protective order," which the Court may issue, for good cause shown, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  Such a protective order may, among other things, forbid the disclosure or discovery, specify terms for the disclosure or discovery, or limit the scope of disclosure or discovery to certain matters.  Fed. R. Civ. P. 26(c)(1)(A), (B), (D). This Court has "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

"The party seeking a protective order has the burden of showing that good cause exists for issuance of that order." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004)

---

[2] Defendants' letter also states that Plaintiff submitted a discovery request for video footage of his arrest, but Defendants have determined that "no video of the arrest exists." (ECF No. 15 at 2).

4

(alteration omitted).  "Good cause is established by demonstrating a particular need for protection." *Barbini v. First Niagara Bank, N.A.*, 331 F.R.D. 454, 459 (S.D.N.Y. 2019) (internal quotation marks omitted).  "Ordinarily, good cause exists when a party shows that disclosure will result in a clearly defined, specific and serious injury." *Id.* (internal quotation marks omitted). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 71 (S.D.N.Y. 2010).  "Although the burden is on the movant to establish good cause for the entry of a protective order, the court ultimately weighs the interests of both sides in fashioning an order." *Id.* at 71.

The records that Defendants seek were sealed, and remain sealed, under New York Criminal Procedure Law § 160.50(1).  Section 160.50(1) provides that "[u]pon the termination of a criminal action or proceeding against a person in favor of such person . . . the record of such action or proceeding shall be sealed."  N.Y. Crim. Proc. Law § 160.50(1).  "The purpose of [§ 160.50] is to ensure that one who is charged but not convicted of an offense suffers no stigma as a result of his having once been the object of an unsustained accusation." *Fleming v. City of New York*, No. 18-cv-4866, 2023 WL 1861223, at *3 (S.D.N.Y. Feb. 9, 2023) (internal quotation marks omitted).[3]  But these records can be unsealed.  "[W]hile New York Criminal Procedure Law § 160.50 calls for the record of a criminal proceeding to be sealed whenever the defendant is acquitted, New York courts have held this privilege waived when an acquitted defendant 'commences a civil action and affirmatively places the information protected by CPL 160.50 into

---

[3] *See also Harper v. Angiolillo*, 89 N.Y.2d 761, 766 (1997) ("The sealing requirement [of § 160.50(1)] was designed to lessen the adverse consequences of unsuccessful criminal prosecutions by limiting access to official records and papers in criminal proceedings which terminate in favor of the accused.").

5

issue.'" *Green v. Montgomery*, 219 F.3d 52, 57 (2d Cir. 2000) (citation omitted) (quoting *Kalogris v. Roberts*, 185 A.D.2d 335, 336 (2d Dep't 1992)).

Here, Plaintiff has affirmatively placed the information in his arrest and prosecution record at issue by bringing this action and raising a claim that Defendants maliciously arrested and prosecuted him. (*See* ECF Nos. 1-1, 4). By doing so, Plaintiff has effectively waived the protections afforded by § 160.50(1). *See Blasini v. City of New York*, No. 11-cv-3022, 2011 WL 6224605, at *4 (S.D.N.Y. Dec. 14, 2011) ("[W]here an individual commences a civil action and affirmatively places the information protected by CPL 160.50 into issue, the privilege is effectively waived.") (quoting *Kalogris*, 185 A.D.2d at 336). Thus, Plaintiff is not entitled to a protective order, and he is obligated to sign a § 160.50 release.

Plaintiff's arguments that there may be "t[w]o different Rap sheets containing [his] criminal history," that his rap sheet may be "strange," and that the Defendants are "trying to gain this false criminal history information, done Maliciously," are unavailing. As Defendants explain, "[t]here is nothing malicious about [their] attempt to obtain a copy of Mr. Frank's sealed criminal record." (ECF No. 15 at 2). In fact, "[f]ederal courts commonly order production of documents sealed pursuant to Sections 160.50 . . . ." *Fleming*, 2023 WL 1861223, at *3.[4] And Defendants are entitled to obtain Plaintiff's § 160.50 records "so that [they] can fulfill [their] obligations under Rule 11 of the Federal Rules of Civil Procedure in connection with [their] . . . defense of the suit." *Brown v. City of New York*, No. 23-cv-5924, 2024 WL 244642,

---

[4] *See also K.A. v. City of New York*, No. 16-cv-4936, 2022 WL 1063125, at *2 (S.D.N.Y. Apr. 8, 2022) (same); *Taylor v. City of New York*, No. 19-cv-6754, 2020 WL 6559412, at *4 (S.D.N.Y. Nov. 9, 2020) (same); *Schomburg v. N.Y.C. Police Dep't*, 298 F.R.D. 138, 141 (S.D.N.Y. 2014) (same); *Crosby v. City of New York*, 269 F.R.D. 267, 275 (S.D.N.Y. 2010) (same).

at *3 (S.D.N.Y. Jan. 23, 2024) (alteration omitted).[5]  Further, analogously, this Court's § 1983 Plan for certain § 1983 cases against the City of New York, requires that a plaintiff alleging an excessive force, false arrest, or malicious prosecution claim must serve a "§ 160.50 Release" upon the defendant.[6]

Thus, Plaintiff must execute a § 160.50 release.  Plaintiff is directed to serve his § 160.50 release upon Defendants by no later than **April 30, 2024**.

### C. The Court Cannot Compel Production of a Disciplinary Record that Does Not Exist

"A party may serve on any other party a request within the scope of Rule 26(b)" of the Federal Rules of Civil Procedure to produce any designated documents that are in the responding party's possession, custody, or control.  Fed. R. Civ. P. 34(a).  The responding party "must respond in writing within 30 days after being served."  Fed. R. Civ. P. 34(b)(2)(A).  "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(B).  If the responding party fails to produce documents, the "party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B).  "If the requested documentation does not exist, the responding party's good-faith averment will resolve the issue of the failure of

---

[5] *Murray v. N.Y.C. D.O.C.*, No. 21-cv-6718, 2023 WL 2647866, at *2 (S.D.N.Y. Mar. 27, 2023) ("Courts in this district have described the City's entitlement to secure the . . . § 160.50 records of a prosecution so that it can fulfill its obligations under Rule 11 of the Federal Rules of Civil Procedure in connection with its preparation of an answer and later defense of the suit.") (alterations and internal quotation marks omitted).

[6] *See* Local Civil Rule 83.10 Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; *see also Matthews v. City of New York*, No. 20-cv-10953, 2021 WL 3604892, at *1 (S.D.N.Y. Aug. 12, 2021) ("Local Civil Rule 83.10(1)(a) provides that a plaintiff must serve the City with a release under . . . [§] 160.50 at the same time that plaintiff serves the complaint.") (alteration and internal quotation marks omitted).

production." *Harris v. Bronx Parent Hous. Network, Inc.*, No. 18-cv-11681, 2020 WL 763740, at *2 (S.D.N.Y. Feb. 14, 2020).

Here, Plaintiff requested that Defendants produce the disciplinary records for Officer Wassner and the two John Doe officers. (ECF Nos. 13 at 2; 15 at 2). In response, Defendants "inquired with the New Rochelle Police Department" and have learned that "Officer Wassner does not have any items in his disciplinary file." (ECF No. 15 at 2). Because the Court cannot order a party to produce a document that does not exist, the Court cannot compel production of Officer Wassner's disciplinary records; but Defendants are directed to produce a sworn declaration, stating that Officer Wassner does not have any items in his disciplinary files. *See, e.g.*, *Brown v. Coleman*, 514 F. App'x 6, 8–9 (2d Cir. 2013) (Summary Order) (finding that district court did not abuse its discretion "in denying a motion to compel the production of information in the face of a sworn declaration that such evidence no longer existed and only vague assertions to the contrary"); *Benitez v. Straley*, No. 01-cv-181, 2008 WL 4093479, at *4 (S.D.N.Y. Sept. 2, 2008) ("With respect to the disciplinary proceedings, the Court cannot require a party to produce something that does not exist . . . .").[7] As for the John Doe officers, if the Defendants can identify the names of the John Doe officers, then Defendants are directed to determine whether there are any items in their disciplinary files. If such items exist, then

---

[7] *See also Pierre v. County of Nassau*, No. 17-cv-6629, 2022 WL 2872651, at *11 (E.D.N.Y. July 21, 2022) ("[B]ecause the Court cannot compel production of video footage that does not exist, Plaintiff's motion to compel discovery and for sanctions is denied."); *Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 42 (S.D.N.Y. 2016) ("[A] party's good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control, should resolve the issue of failure of production since one cannot be required to produce the impossible.") (internal quotation marks omitted); *Thomas v. N.Y.C. Health & Hosp. Corp.*, No. 00-cv-6760, 2005 WL 3070901, at *1 (S.D.N.Y. Nov. 12, 2005) (denying motion to compel where party submitted a sworn declaration that responsive documents did not exist); *Grinblat v. City of New York*, No. 01-cv-3609, 2002 WL 31619036, at *3 (S.D.N.Y. Nov. 19, 2002) (denying plaintiff's motion to compel where plaintiff offered no "evidence to rebut the evidence cited by defendant that no such document exists").

Defendants are directed to produce them to Plaintiff. If such items do not exist, then Defendants are directed to produce a declaration, swearing to the same.

## IV. CONCLUSION

For the above reasons, Plaintiff's construed motion for a protective order and motion to compel are **DENIED** in their entirety. Plaintiff is directed to execute a § 160.50 release and serve it upon Defendants by no later than **April 30, 2024**. But Defendants are directed to produce a sworn declaration, stating that Officer Wassner does not have any items in his disciplinary file. Also, if Defendants can identify the names of the John Doe officers, then Defendants are further directed to determine whether the John Doe officers have any items in their disciplinary files. If such items exist, then Defendants are directed to produce them to Plaintiff. If such items do not exist, then Defendants are directed to produce a declaration, swearing to the same.

The Clerk of Court is respectfully directed to terminate the pending letter motion at ECF 13.

The Clerk of Court is further respectfully directed to mail a copy of this order to Plaintiff.

**SO ORDERED.**

DATED:        White Plains, New York
              April 16, 2024

_____
VICTORIA REZNIK
United States Magistrate Judge

9