UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRIAN FRANKS,

                        *Plaintiff*,

    v.                                        No. 24-CV-539 (KMK)

CITY OF NEW ROCHELLE, P.O. JOSEPH        ORDER & OPINION
WASSNER, *and* TWO OTHER JOHN DOE
OFFICERS,

                        *Defendants*.

---

Appearances:

Brian Franks
New Rochelle, NY
Pro Se Plaintiff

Lalit Kumar Loomba, Esq.
Steven Joseph Bushnell, Esq.
The Quinn Law Firm
White Plains, NY
*Counsel for Defendants City of New Rochelle and P.O. Joseph Wassner*

KENNETH M. KARAS, United States District Judge:

      Brian Franks (a/k/a Leon Brian Franks) ("Plaintiff"), proceeding pro se, brings this Action against the City of New Rochelle ("New Rochelle"), Police Officer Joseph Wassner ("Wassner"), and "Two Other John Doe Officers" (collectively, "Defendants"), alleging false arrest and malicious prosecution pursuant to 42 U.S.C. § 1983 ("Section 1983"). (*See generally* Am. Compl. (Dkt. No. 4).) Before the Court is Defendants' Motion for Summary Judgment (the "Motion"). (*See* Not. of Mot. (Dkt. No. 34).) For the reasons discussed below, the Motion is granted.

I.  Background

A.  Factual Background

The following facts are taken from Defendants' 56.1 Statement ("Defs' 56.1") (Dkt. No. 35) and admissible evidence submitted by the Parties.[1]  The facts are recounted "in the light

---

[1] Local Civil Rule 56.1(a) requires the moving party to submit a "short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried."  Local Civ. R. 56.1(a).  The nonmoving party, in turn, must submit "a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short[,] and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried."  Local Civ. R. 56.1(b).  "If the opposing party . . . fails to controvert a fact set forth in the movant's Rule 56.1 statement, that fact will be deemed admitted pursuant to the local rule."  *Baity v. Kralik*, 51 F. Supp. 3d 414, 418 (S.D.N.Y. 2014) (citation and quotation marks omitted); *see also T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) (adopting the same rule).

"'Pro se litigants are not excused from meeting the requirements of Local Rule 56.1,' and '[a] nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible.'"  *Thomas v. DeCastro*, No. 14-CV-6409, 2021 WL 5746207, at *1 n.1 (S.D.N.Y. Dec. 1, 2021) (quoting first *Freistat v. Gasperetti*, No. 17-CV-5870, 2021 WL 4463218, at *1 (E.D.N.Y. Sept. 29, 2021), then *T.Y.*, 584 F.3d at 418); *see also Biberaj v. Pritchard Indus., Inc.*, 859 F. Supp. 2d 549, 553 n.3 (S.D.N.Y. 2012) (adopting the same rule).

Nevertheless, in light of the "special solicitude" afforded to pro se litigants "when confronted with motions for summary judgment," *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988), the Court will "in its discretion opt to conduct an assiduous review of the record" when deciding the instant Motion, *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (citation and quotation marks omitted); *see also Thomas*, 2021 WL 5746207, at *1 n.1 (collecting cases); *Houston v. Teamsters Loc. 210, Affiliated Health & Ins. Fund-Vacation Fringe Benefit Fund*, 27 F. Supp. 3d 346, 349 (E.D.N.Y. 2014) ("Although [the] plaintiffs did not file a Rule 56.1 statement, the [c]ourt has independently reviewed the record to ensure that there is uncontroverted evidence to support the paragraphs referenced in [the] defendants' Rule 56.1 [statement]."); *Pagan v. Corr. Med. Servs.*, No. 11-CV-1357, 2013 WL 5425587, at *2 (S.D.N.Y. Sept. 27, 2013) (explaining that "[t]he [c]ourt ha[d] considered the [motions for summary judgment] in light of the entirety of the record to afford [the pro se] [p]laintiff the special solicitude to which he [was] entitled" where the plaintiff failed to submit a Rule 56.1 response); *Cherry v. Byram Hills Cent. Sch. Dist.*, No. 11-CV-3872, 2013 WL 2922483, at *1 (S.D.N.Y. June 14, 2013) ("[W]here a pro se plaintiff fails to submit a proper . . . Rule 56.1 statement in opposition to a summary judgment motion, the [c]ourt retains some discretion to consider the substance of the plaintiff's arguments, where actually supported by evidentiary submissions." (citation and italics omitted)); *Hayes v. County of Sullivan*, 853 F. Supp. 2d 400,

2

most favorable to" Plaintiff, the non-movant. *Wandering Dago, Inc. v. Destito*, 879 F.3d 20, 30 (2d Cir. 2018) (citation and quotation marks omitted).

Plaintiff is a resident of New Rochelle, New York. (Defs' 56.1 ¶ 1.) At the relevant time, Wassner was a police officer in the New Rochelle Police Department ("NRPD"). (*Id.* ¶ 2.)

On November 24, 2021, Wassner and four other NRPD police officers (Sergeant Downs and Officers Wynne, Jiminez, and Nelson) responded to a report of a dispute, where Wassner interviewed Alexander Valdovinos ("Alexander") and his father, Alejandro Valdovinos ("Alejandro"). (*Id.* ¶¶ 5–6.) Alexander reported that, while looking for parking, Plaintiff approached Alexander's vehicle, hit his windshield, and told him "to stay out of the area, or [Plaintiff] would 'blast' him, which Alexander considered a threat to shoot him." (*Id.* ¶¶ 7–8.) Alexander then called Alejandro, who arrived, used his vehicle to block in Plaintiff's vehicle, and approached Plaintiff, at which point a fight broke out between Alejandro and Plaintiff, who had pulled a red and black machete from his car. (*Id.* ¶¶ 9–12, 17–20.)[2] Alejandro reports that Plaintiff hit him with the machete, causing a bruise to his upper thigh, and that Alejandro hit Plaintiff with his belt. (*Id.* ¶¶ 21–22; *see also* Loomba Decl., Ex. C (Dkt. No. 38-3) (noting that Alejandro used his belt to hit Plaintiff during their fight); Police Rpt. 3 (noting that Plaintiff

---

406 n.1 (S.D.N.Y. 2012) ("In light of [the] [p]laintiff's pro se status, the [c]ourt overlooks his failure to file a Local Rule 56.1 Statement and conducts its own independent review of the record."). Here, Plaintiff has failed to respond to Defendants' 56.1 Statement or file his own Statement of Additional Material Facts. (*See generally* Dkt.) In accordance with the above discussion, the Court overlooks his failure and conducts its own review of the record. *See Veras v. Jacobson*, No. 18-CV-6724, 2022 WL 2133842, at *1 n.1 (S.D.N.Y. June 14, 2022).

[2] A police incident reported drafted by Officer Wynne notes that Plaintiff claimed Alejandro's vehicle "hit [Plaintiff's] rear bumper then pulled up in front of [Plaintiff] blocking his path." (Decl. of Lalit K. Loomba ("Loomba Decl."), Ex. F ("Police Rpt.") (Dkt. No. 38-6) 3.)

"stated he never had a machete").) Alexander and a bystander broke up the fight "minutes before police arrived." (*Id.* ¶¶ 14, 23.) Wassner found Alexander and Alejandro to be credible witnesses and "could not identify any reason why [Wassner] should discount or disbelieve what [they] had reported to [Wassner]." (*Id.* ¶¶ 15, 24.)

Upon identifying a vehicle fitting the description of Plaintiff's vehicle provided by Alexander and Alejandro, Officers Wynne, Jiminez, and Nelson responded and spoke with Plaintiff. (*Id.* ¶¶ 27–29; *see also* Loomba Decl., Ex. A (Dkt. No. 38-1) at 102:18–103:19 (Plaintiff testified that he spoke with the officers for "two or three hours[.]").) While Plaintiff and the officers were speaking in front of his house, Wassner drove by with Alexander and Alejandro, who both positively identified Plaintiff. (Defs' 56.1 ¶¶ 29–31.) Wassner notified the officers of the positive identification and Plaintiff was placed under arrest and transported without incident to NRPD headquarters. (*Id.* ¶¶ 32–33.) Plaintiff was read his *Miranda* rights and booked for attempted assault. (*Id.* ¶¶ 37, 39.)

Wassner met with Alexander and Alejandro at the police station, where they provided written statements and Wassner took photographs of Alejandro's injuries. (*Id.* ¶¶ 35–36.) Wassner prepared a narrative report concerning the arrest. (*Id.* ¶ 38; Police Rpt.) On or about November 26, 2021, Wassner met with an Assistant District Attorney, who prepared a felony complaint that Wassner signed. (Defs' 56.1 ¶¶ 40–42; Loomba Decl., Ex. G (Dkt. No. 38-7).) At a later date, Wassner signed a superseding misdemeanor information. (Defs' 56.1 ¶¶ 43–44; Loomba Decl., Ex. H ("Misdemeanor Info.") (Dkt. No. 38-8).) Wassner had no further involvement in Plaintiff's case. (*Id.* ¶ 45.) The charges were dropped on September 1, 2022. (*See* Am. Compl. ¶ 6; Defs' Mem. in Supp. ("Defs' Mem.") (Dkt. No. 39) 1.)

B. Procedural Background

On January 3, 2024, Plaintiff initiated this Action by filing a complaint in Westchester County Supreme Court. (*See* Compl. (Dkt. No. 1-1).) On January 25, 2024, Defendants removed the Action to this Court. (*See* Not. of Removal (Dkt. No. 1).) On February 1, 2024, Plaintiff filed his Amended Complaint. (*See* Am. Compl.) On October 31, 2024, discovery was complete. (*See* Dkt., minute entry dated October 31, 2024.) On November 14, 2024, the Court adopted a briefing schedule for the instant Motion. (*See* Dkt No. 31.)

On December 20, 2024, Defendants filed the instant Motion. (*See* Not. of Mot.; Defs' Mem.; Defs' 56.1.) In accordance with the Court's Local Rules, Defendants provided Plaintiff with the requisite Local Rule 56.2 notice. (*See* Not. of Mot.) Plaintiff did not file an Opposition with the Court, which was due by no later than January 31, 2025. (*See generally* Dkt.) On February 7, 2025, Defendants sent Plaintiff a letter noting that Plaintiff's Opposition was due on January 31, 2025. (*See* Reply Decl. of Lalit K. Loomba ("Loomba Reply Decl.") (Dkt. No. 40) ¶ 7; *id.*, Ex. A (Dkt. No. 40-1).) On February 20, 2025, Plaintiff dropped his Opposition off at defense counsel's office. (*See* Loomba Reply Decl. ¶ 8; Pl's Mem. in Opp. ("Pl's Opp.") (Dkt. No. 40-2).) On February 21, 2025, Defendants filed a Reply declaration. (*See* Loomba Reply Decl.) Accordingly, the Court deems the Motion fully submitted.

II. Discussion

A. Standard of Review

Summary judgment is appropriate where the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (same); *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 123–24 (2d Cir. 2014) (same). "When ruling on a

5

summary judgment motion, the court construes the evidence before it in the light most favorable to the nonmoving party and resolves all ambiguities and draws all reasonable inferences against the moving party." *Horror Inc. v. Miller*, 15 F.4th 232, 240 (2d Cir. 2021) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986)). "It is the movant's burden to show that no genuine factual dispute exists." *Red Pocket, Inc. v. Interactive Commc'ns Int'l, Inc.*, No. 17-CV-5670, 2020 WL 838279, at *4 (S.D.N.Y. Feb. 20, 2020) (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)).

"However, when the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the non[-]movant's claim," in which case "the non[-]moving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *CILP Assocs., L.P. v. Pricewaterhouse Coopers LLP*, 735 F.3d 114, 123 (2d Cir. 2013) (alteration, citation, and quotation marks omitted). Further, "[t]o survive a [summary judgment] motion . . . , [a non-movant] need[s] to create more than a 'metaphysical' possibility that his allegations were correct; he need[s] to 'come forward with specific facts showing that there is a genuine issue for trial,'" *Wrobel v. County of Erie*, 692 F.3d 22, 30 (2d Cir. 2012) (emphasis omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)), "and cannot rely on the mere allegations or denials contained in the pleadings," *Guardian Life Ins. Co. v. Gilmore*, 45 F. Supp. 3d 310, 322 (S.D.N.Y. 2014) (quotation marks omitted); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) ("When a motion for summary judgment is properly supported by documents or other evidentiary materials, the party opposing summary judgment may not merely rest on the allegations or denials of his pleading.").

"On a motion for summary judgment, a fact is material if it might affect the outcome of the suit under the governing law." *Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene*, 746 F.3d 538, 544 (2d Cir. 2014) (quotation marks omitted). At this stage, "[t]he role of the court is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (citation omitted). Thus, a court's goal should be "to isolate and dispose of factually unsupported claims." *Geneva Pharms. Tech. Corp. v. Barr Laby's. Inc.*, 386 F.3d 485, 495 (2d Cir. 2004) (quoting *Celotex*, 477 U.S. at 323–24).

When ruling on a motion for summary judgment, a district court should "consider only evidence that would be admissible at trial." *Latimer v. Annucci*, No. 21-CV-1275, 2023 WL 6795495, at *3 (S.D.N.Y. Oct. 13, 2023) (citing *Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 164 F.3d 736, 746 (2d Cir. 1998)). "[W]here a party relies on affidavits or deposition testimony to establish facts, the statements 'must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.'" *DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012) (quoting Fed. R. Civ. P. 56(c)(4)); *see also Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988) ("Rule 56 requires a motion for summary judgment to be supported with affidavits based on personal knowledge . . . ."); *Baity v. Kralik*, 51 F. Supp. 3d 414, 419 (S.D.N.Y. 2014) (disregarding "statements not based on [the] [p]laintiff's personal knowledge"); *Flaherty v. Filardi*, No. 03-CV-2167, 2007 WL 163112, at *5 (S.D.N.Y. Jan. 24, 2007) ("The test for admissibility is whether a reasonable trier of fact could believe the witness had personal knowledge." (citation omitted)).

"As a general rule, 'district courts may not weigh evidence or assess the credibility of witnesses at the summary judgment stage.'" *Parker v. Fantasia*, 425 F. Supp. 3d 171, 183 (S.D.N.Y. 2019) (quoting *Jeffreys v. City of New York*, 426 F.3d 549, 551 (2d Cir. 2005)); *see also Anderson*, 477 U.S. at 247 (noting that at the summary judgment stage, the court is not to "weigh the evidence and determine the truth of the matter"); *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 622 (2d Cir. 1999) ("Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." (quotation marks omitted)). Where, however, the evidence presents "a question of 'he said, she said'" the court "cannot . . . take a side at the summary judgment stage." *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 726 (2d Cir. 2010); *see also Kassel v. City of Middletown*, 272 F. Supp. 3d 516, 535 (S.D.N.Y. 2017) (noting that "it is not the role of the [c]ourt at summary judgment to resolve [a] factual clash"); *Bale v. Nastasi*, 982 F. Supp. 2d 250, 258–59 (S.D.N.Y. 2013) (stating that "[w]here each side . . . tells a story that is at least plausible and would allow a jury to find in its favor, it is for the jury to make the credibility determinations and apportion liability, and not for the court"). "And, even if the non-movant's evidence is 'thin, a non-movant's own sworn statement is adequate to counter summary judgment.'" *Gunn v. Milani*, No. 20-CV-2681, 2024 WL 4124319, at *6 (S.D.N.Y. Sept. 9, 2024) (alteration adopted) (quoting *Scott v. Coughlin*, 344 F.3d 282, 290–91 (2d Cir. 2003)).

Finally, the Second Circuit has instructed that when a court considers a motion for summary judgment, "special solicitude" should be afforded a pro se litigant, *see Kravitz v. Purcell*, 87 F.4th 111, 119 (2d Cir. 2023), and a court should construe "the submissions of a pro se litigant . . . liberally" and interpret them "to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (italics and quotation

8

marks omitted). "Nonetheless, proceeding pro se does not otherwise relieve a litigant of the usual requirements of summary judgment, and a pro se party's bald assertions unsupported by evidence . . . are insufficient to overcome a motion for summary judgment." *Freckleton v. Mercy Coll. NY*, No. 22-CV-1985, 2025 WL 950810, at *5 (S.D.N.Y. Mar. 27, 2025).

B.  Analysis

Defendants argue that Plaintiff's false arrest and malicious prosecution claims must be dismissed because there was both probable cause and arguable probable cause for his arrest. (*See generally* Defs' Mem.)  Defendants also argue that Plaintiff's claims against New Rochelle fail as Plaintiff has not established an underlying Constitutional violation or a policy, custom, or practice as required to establish *Monell* liability. (*See id.* 10–11, 16.)  Finally, Defendants argue that Wassner is entitled to qualified immunity. (*See id.* 13–14, 16.)  Plaintiff claims in his Opposition that NRPD has conspired with unknown Hispanic men on three occasions in 1999, 2020, and 2021 to falsely arrest Plaintiff. (*See* Pl's Opp. 1–2.)

1. False Arrest

A Section 1983 claim for false arrest "rest[s] on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996); *Walker v. Carrozzo*, 664 F. Supp. 3d 490, 505 (S.D.N.Y. 2023) (same).  A Section 1983 false arrest claim is substantially the same as a claim of false arrest under New York law. *Weyant*, 101 F.3d at 852.  New York law requires a plaintiff to show "that (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement[,] and (4) the confinement was not otherwise privileged." *Toussaint v. County of Westchester*, 615 F. Supp. 3d 215, 224 (S.D.N.Y. 2022) (citation omitted).  "[T]he existence of probable cause to arrest constitutes

justification and is a complete defense to an action for false arrest . . . under [Section] 1983." *Dillon v. Rosen*, No. 22-CV-7035, 2022 WL 4538397, at *3 (S.D.N.Y. Sept. 28, 2022) (quoting *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007)); *see also Figueroa v. Mazza*, 825 F.3d 89, 99 (2d Cir. 2016) ("The existence of probable cause to arrest . . . will defeat a claim of false arrest under the Fourth Amendment."). "A 'claim for false arrest turns only on whether probable cause existed to arrest a defendant' and not 'whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest.'" *Santiago v. City of Rochester*, No. 19-CV-6860, 2024 WL 4289600, at *5 (W.D.N.Y. Sept. 25, 2024) (quoting *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006); *see also Jaegly*, 439 F.3d at 150 ("[A] claim for false arrest will not lie so long as the arresting officer had probable cause to arrest the plaintiff for some crime.").

Generally speaking, officers have probable cause to arrest when they have "reasonably trustworthy information as to facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) (internal quotation marks, alterations, and citation omitted). As the Second Circuit observed:

> To determine the existence of probable cause, a court considers the totality of the circumstances, based on a full sense of the evidence that led the officer to believe that there was probable cause to make an arrest. The court considers those facts available to the officer at the time of the arrest and immediately before it. The significance of each of these factors may be enhanced or diminished by surrounding circumstances.

*Guan v. City of New York*, 37 F.4th 797, 804 (2d Cir. 2022) (quotation marks and citations omitted).

There is no dispute as to the first and second elements of the false arrest claim. (*See* Defs' Mem. 12.) Defendants argue that Plaintiff cannot establish that his confinement was not

10

otherwise privileged. (*See id.*) "The question for the Court, then, is whether there is any genuine issue of material fact as to 'whether a reasonably cautious person' in [the arresting officer's] position, 'at the time he' arrested [Plaintiff], 'would have been justified in believing that' [Plaintiff] had committed an offense." *Brandon v. City of New York*, No. 20-CV-7784, 2023 WL 4828170, at *4 (S.D.N.Y. June 6, 2023) (quoting *Ali v. City of New York*, No. 11-CV-5469, 2012 WL 3958154, at *1 (S.D.N.Y. Sept. 5, 2012)), *report and recommendation adopted*, 2023 WL 4824853 (S.D.N.Y. July 27, 2023), *aff'd sub nom. Brandon v. Khan*, No. 23-1168, 2024 WL 4100520 (2d Cir. Sept. 6, 2024).

Plaintiff was initially charged with assault in the second degree (N.Y. Penal Law § 120.05(2), a class D felony ("A person is guilty of assault in the second degree when . . . [w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument[.]")), and was later charged with assault in the third degree (N.Y. Penal Law § 120.00(1), a class A misdemeanor ("A person is guilty of assault in the third degree when . . . [w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person[.]")) and harassment in the second degree (N.Y. Penal Law § 240.26(1), a violation ("A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person[,] . . . [h]e or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts to or threatens to do the same[.]")). (*See* Felony Compl; Misdemeanor Info.) The assault charges both criminalize intending to cause and actually causing physical injury to another person. (*See* N.Y. Penal Law §120.05(2); N.Y. Penal Law § 120.00(1).)

"When information is received from a putative victim or an eyewitness, probable cause exists," *Kenneson v. Vaccarelli*, No. 20-CV-1482, 2022 WL 2527972, at *4 (D. Conn. July 7,

11

2022) (quoting *Curley v. Village of Suffern*, 268 F.3d 65, 69–70 (2d Cir. 2001)), so long as there are no "circumstances that raise doubts as to the [witness or] victim's veracity," *Santiago*, 2024 WL 4289600, at *6 (quoting *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995)); *see also Curley*, 268 F.3d at 70 ("When information is received from a putative victim or an eyewitness, probable cause exists unless the circumstances raise doubt as to the person's veracity." (internal citations omitted)); *Baldeo v. Keiser-O'Neill*, No. 17-CV-5284, 2018 WL 3733942, at *3 (E.D.N.Y. Aug. 6, 2018) (finding an officer had probable cause for a variety of property-related crimes where the officer had a non-anonymous "victim-complaint along with significant corroborating evidence"); *Ong v. Park Manor (Middletown Park) Rehab. & Healthcare Ctr.*, No. 12-CV-974, 2017 WL 4326540, at *10 (S.D.N.Y. Sept. 28, 2017) ("[P]robable cause exists when a law enforcement officer 'receive[s] . . . information from some person, normally the putative victim or eyewitness, unless the circumstances raise doubt as to the person's veracity.'" (quoting *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006))). Alexander and Alejandro informed the police officers, including Wassner, that Plaintiff had threatened Alexander, fought with Alejandro, and hit Alejandro with a machete. (*See* Defs' 56.1 ¶¶ 8, 20–21.) Wassner avers that he found Alexander and Alejandro to be credible witnesses. (*See* Decl. of Joseph Wassner (Dkt. No. 37) ¶¶ 16, 25.) Wynne and Wassner "[were] entitled to rely on [Alexander and Alejandro's] allegations" and their positive identification of Plaintiff, s*ee Da Mata v. City of New York*, No. 21-CV-155, 2023 WL 112449, at *8 (S.D.N.Y. Jan. 5, 2023) (noting that an arresting officer has probable cause when relying on information from a victim or eyewitness and collecting cases), which Wassner communicated to Wynne, (*see* Decl. of Liam J. Wynne (Dkt. No. 36) ¶ 24). *See also Carty v. City of New York*, No. 16-CV-1294, 2019 WL 1428368, at *3 (E.D.N.Y. Mar. 29, 2019) (in evaluating whether probable cause existed, "[a]ll

12

that matters is that the facts known to [the officers] were sufficient for a person of reasonable caution . . . to believe that the defendants committed either crime—or, indeed, any other crime[]") (citation and quotation marks omitted)). On these facts, "[s]ince there is no evidence that would call [Alexander and Alejandro's] credibility into question," *Williams v. Cohen*, No. 20-CV-5464, 2023 WL 7386698, at *1 (E.D.N.Y. Nov. 8, 2023), there was clearly probable cause to arrest Plaintiff for assault.

Plaintiff's contention that there was a long-running NRPD conspiracy against him, (*see* Pl's Opp. 1–2), is completely unsupported. To the contrary, the consistent story told by police records—"uncontroverted documentary evidence, made contemporaneous[ly] to the events"—as well as Wynne and Wassner's corroboration thereof "wholly undermines Plaintiff's unsupported contentions and is fatal to his claim."³ *Veras*, 2022 WL 2133842, at *6 (quoting *Todd v. N.Y.C. Health & Hosps. Corp.*, No.16-CV-2124, 2021 WL 4463214, at *4 (E.D.N.Y. Sept. 9, 2021)). Therefore, the Court grants Defendants' Motion as to the False Arrest Claim.

2. Malicious Prosecution

"To state a [Section] 1983 malicious prosecution claim, a plaintiff must show a violation of his rights under the Fourth Amendment and must establish the elements of a malicious prosecution claim under state law." *Rodriguez v. City of New York*, 623 F. Supp. 3d 225, 238 (S.D.N.Y. 2022) (quoting *Cornelio v. Connecticut*, 32 F.4th 160, 179 (2d Cir. 2022)). To state a claim for malicious prosecution under New York law a plaintiff must show: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in

---

³ That Plaintiff presumably disputes Alexander and Alejandro's version of events does not preclude a finding of probable cause. *See Curley*, 268 F.3d at 70 (finding "probable cause where a police officer was presented with different stories from an alleged victim and the arrestee.").

13

plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for the defendant's actions." *Dettelis v. Sharbaugh*, 919 F.3d 161, 163–64 (2d Cir. 2019) (quotation marks and citation omitted).  In addition, to prevail on a cause of action for malicious prosecution under Section 1983, the plaintiff must establish that "there was a . . . sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 216 (2d Cir. 2000); *see also Roman v. City of Mount Vernon*, No. 21-CV-2214, 2022 WL 2819459, at *10 (S.D.N.Y. July 19, 2022) ("In addition to the elements of a state-law malicious prosecution claim, however, to state a federal malicious prosecution claim under [Section] 1983, a plaintiff must also have suffered a post-arraignment deprivation of liberty implicating his Fourth Amendment rights.").

The first element is met because it is undisputed that Wassner provided the statements in the felony complaint and superseding misdemeanor information and signed them.  (*See* Defs' 56.1 ¶¶ 41–44.)  The second element is met—although not specifically provided in the record or in Defendants' 56.1 Statement, the Parties agree that the charges were dropped.  (*See* Am. Compl. ¶ 6 (noting that, "on September 1, 2022, the case was [finally] . . . dropped"); Defs' Mem. 1 (stating that "the charges were dropped").)

Defendants argue that the existence of probable cause is a complete defense to Plaintiff's malicious prosecution claim.  (*See* Defs' Mem. 14–16.)  Indeed, "[j]ust as probable cause is a complete defense to a claim of false arrest, 'continuing probable cause is a complete defense to a constitutional claim of malicious prosecution.'" *Walker*, 664 F. Supp. 3d at 516 (quoting *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014)); *see also Manganiello v. City of New York*, 612 F.3d 149, 161–62 (2d Cir. 2010) ("[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York[.]" (citation omitted)).  "Probable cause, in the context of

malicious prosecution, has been described as such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty." *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 243 (2d Cir. 2020) (alterations omitted). "The Second Circuit has clarified that probable cause for a malicious prosecution claim means probable cause to believe that [the prosecution] could succeed[.]" *Delanuez v. City of Yonkers*, No. 20-CV-4476, 2022 WL 16540682, at *8 (S.D.N.Y. Oct. 28, 2022) (quoting *Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir. 2003)) (quotation marks omitted). The Second Circuit has also cautioned courts not to "conflate probable cause to arrest with probable cause to believe that [a plaintiff] could be successfully prosecuted," because in a malicious prosecution action, "[o]nly the latter kind of probable cause is at issue[.]" *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 417 (2d Cir. 1999). Thus, "[t]he probable cause standard in the malicious prosecution context is slightly higher than the standard for false arrest cases." *Stansbury v. Wertman*, 721 F.3d 84, 95 (2d Cir. 2013).

As discussed above, *see* supra Section II.B.1, the undisputed facts show that Defendants had probable cause to arrest Plaintiff. "Absent intervening circumstances, probable cause sufficient to justify an arrest is also treated by courts as probable cause sufficient to justify a prosecution." *Da Mata*, 2023 WL 112449, at *11 (citing *Shaheed v. City of New York*, 287 F. Supp. 3d 438, 452 (S.D.N.Y. 2018)). There is no indication of any intervening circumstances "between [Plaintiff's] arrest and the initiation of prosecution that negated probable cause[.]" *Da Mata*, 2023 WL 112449, at *12 (quoting *Medina v. City of New York*, No. 20-CV-797, 2021 WL 1700323, at *4 (S.D.N.Y. Apr. 29, 2021)). For example, Plaintiff offers no evidence to suggest that Wassner later should have doubted the credibility of Alexander and Alejandro. *See Caraballo v. City of New York*, 726 F. Supp. 3d 140, 161 (E.D.N.Y. 2024) (granting summary judgment on a malicious prosecution claim where the court "concluded that probable cause

15

existed at the time of [plaintiff's] arrest" and "plaintiff ha[d] pointed to no evidence evincing the dissipation of that probable cause" (citing *Powell v. Murphy*, 593 F. App'x 25, 28 (2d Cir. 2014) (summary order))), *on reconsideration in part sub nom. Caraballo v. Surriga*, No. 21-CV-285, 2024 WL 2701644 (E.D.N.Y. May 24, 2024); *Da Mata*, 2023 WL 112449, at *12 (granting summary judgment on a malicious prosecution claim where plaintiff did not adduce any evidence that defendants "ha[d] any evidence undermining probable cause for the . . . offense with which Plaintiff was charged).

Even if the Court found that intervening facts undermined probable cause for Plaintiff's prosecution, there is absolutely no evidence in the record that Wassner or others acted with malice. In the context of a malicious prosecution claim, "malice does not have to be actual spite or hatred, but means only 'that the defendant must have commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served.'" *Lowth v. Town of Cheekotawaga*, 82 F.3d 563, 571 (2d Cir. 1996) (quoting *Nardelli v. Stamberg*, 44 N.Y. 2d 500, 502–03 (N.Y. 1978)). The Court's review of all submitted evidence has turned up no indication that Plaintiff's prosecution initiated "because of personal animus or some other malevolent desire." *Da Mata*, 2023 WL 112449, at *12 (collecting cases where courts have found the record devoid of facts indicating malice in the context of a malicious prosecution claim).

Because the Court finds that there was probable cause, and because probable cause is a complete defense to Plaintiff's false arrest and malicious prosecution claims, the Court does not reach Defendants' arguments as to New Rochelle's *Monell* liability or Wassner's qualified immunity.

III.  Conclusion

For the reasons set forth above, Defendants' Motion is granted.  The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt. No. 34 and close the case.

SO ORDERED.

Dated:   September 23, 2025
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge